IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ALLEN DODSON,

    Defendant.

Case No. 18-20048-01-DDC

## MEMORANDUM AND ORDER

This matter is before the court on defendant Allen Dodson's Motion to Dismiss Indictment (Doc. 20). Mr. Dodson asserts that the statute under which he was convicted, the Sex Offender Registration and Notification Act ("SORNA"), is unconstitutional. The government has filed a Response (Doc. 23). For reasons explained below, the court denies Mr. Dodson's Motion.

**I.    Background**

A grand jury indicted Mr. Dodson on July 25, 2018, under 18 U.S.C. § 2250. The grand jury found that, "[f]rom on or about August 22, 2017[,] up to and including on or about July 25, 2018," Mr. Dodson was required to register under SORNA because of an earlier conviction in Morgan County, Missouri. Doc. 1 at 1. The grand jury also found that Mr. Dodson had failed to register and update his registration. *Id.*

Mr. Dodson does not challenge the substance of the Indictment against him. Rather, he challenges the constitutionality of a portion of the statute under which the grand jury indicted him. Mr. Dodson was convicted of the crime underlying his Indictment before Congress enacted SORNA. Congress delegated authority under SORNA to the United States Attorney General to

decide how to apply the statute to individuals like Mr. Dodson—defendants whose convictions predated SORNA's enactment. Mr. Dodson argues that Congress's delegation of this authority itself is unconstitutional under the nondelegation doctrine.

Congress enacted the Adam Walsh Child Protection and Safety Act of 2006 on July 27, 2006. 34 U.S.C. § 20901 *et seq.* This statute includes SORNA, which requires states to "maintain . . . jurisdiction-wide sex offender registr[ies]," among other mandates. 34 U.S.C. § 20912. Specifically, SORNA outlines rules for offenders' initial registrations and their duty to update these registrations when they change "name, residence, employment, or student status." 34 U.S.C. § 20913(c). Mr. Dodson challenges 34 U.S.C. § 20913(d):

> The Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before the enactment of this chapter or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for other categories of sex offenders who are unable to comply with subsection (b).

34 U.S.C. § 20913(d).

Mr. Dodson asserts that Congress, when delegating this discretion to the Attorney General, failed to "'articulate any policy or standard that would serve to confine the discretion'" of the Attorney General. Doc. 20 at 5 (quoting *Mistretta v. United States*, 488 U.S. 361, 374 n.7 (1989)). This failure, Mr. Dodson contends, renders Congress's delegation "'constitutionally invalid.'" *Id.* (quoting *Mistretta*, 488 U.S. at 374 n.7). Mr. Dodson asserts that SORNA allows the Attorney General, "without any explicit guidance[,] . . . to decide whether to apply SORNA retroactively." *Id.*

But the government argues that the Tenth Circuit and every other Circuit except the Federal Circuit all have rejected constitutionality challenges to SORNA under the nondelegation doctrine. Doc. 23 at 6. The government asserts that the Tenth Circuit in *United States v. Nichols*

explicitly identified Congress's statutory policy statement that "'convey[ed] the intelligible principles upon which the Attorney General's delegated authority must be based.'" *Id.* at 6–7 (citing *United States v. Nichols*, 775 F.3d 1225, 1231 (10th Cir. 2014), *rev'd on other grounds*, *Nichols v. United States*, 136 S. Ct. 1113 (2016)).

## II. Analysis

The Tenth Circuit's rejection of a constitutionality challenge to SORNA under the nondelegation doctrine binds this court.[1] The Circuit concluded—as the government argues—that SORNA includes a clear congressional policy statement about the statute's intent: "'to protect the public from sex offenders and offenders against children' by establishing 'a comprehensive national system for the registration of those offenders.'" *Nichols*, 775 F.3d at 1231 (quoting 42 U.S.C. § 16913(d) (transferred to 34 U.S.C. § 20913(d))). Congress also plainly articulated the "boundaries of the authority it delegated to the Attorney General." *Id.* This authority comprises "a single, narrow decision: to determine SORNA's application to preenactment sex offenders." *Id.* "The Attorney General cannot do much more than simply determine whether or not SORNA applies to those individuals." *Id.* at 1231–32 (internal quotations omitted). Congress explicitly provided that the Attorney General would exercise this authority. *Id.* at 1232. And Congress specified the location, timing, method, and required information for sex offender registration under SORNA, as well as penalties for failing to register. *Id.* at 1232; *see also* 18 U.S.C. § 2250 (imposing fines and imprisonment for failing to register as SORNA requires). These additional statutory limits circumscribe the Attorney

---

[1] The court recognizes that an appeal based in part on a constitutional challenge to SORNA under the nondelegation doctrine currently is pending before the United States Supreme Court. *United States v. Gundy*, 695 F. App'x 639 (2d Cir. 2017), *cert. granted*, 138 S. Ct. 1260 (2018).

3

General's authority. *Id.* The Tenth Circuit thus held that SORNA withstands constitutional challenges based on the nondelegation doctrine. *Id.*

Here, Mr. Dodson's constitutional challenge mirrors the challenge defendant Lester Nichols brought against SORNA in *Nichols*. But, as the Circuit has concluded, SORNA does not violate the nondelegation doctrine. Instead, Congress outlined a clear policy, several boundaries, and a specific agency to enforce SORNA's retroactive application to pre-enactment sex offenders. The court thus denies Mr. Dodson's Motion to Dismiss Indictment based solely on this constitutional challenge.

**IT IS THEREFORE ORDERED THAT** defendant Allen Dodson's Motion to Dismiss Indictment (Doc. 20) is denied.

**IT IS SO ORDERED.**

**Dated this 31st day of December, 2018, at Kansas City, Kansas.**

                                              **s/ Daniel D. Crabtree**
                                              **Daniel D. Crabtree**
                                              **United States District Judge**